Martha A. Leavell, et al. *v*. Belle M. Leavell.

[Abstract Kentucky Law Reporter, Vol. 4—889.]

**Trustee Buying the Trust Property.**

While a trustee one has no right to buy the trust property, yet where he is a large creditor he has the right to protect his own interests, but such a right will not authorize him to buy the land for less than its value. Where such a sale was fair and for full value, the

rights of creditors protected and nearly all of them consent to the
sale, it will not be set aside.

### Gift by Debtor not Effectual as Against Creditors.

Where one gave his daughter a piano, at the time being largely
in debt, such a gift will not prevent the father's sureties who have
been compelled to pay his debt from subjecting the piano in the
same way the creditors might do.

### APPEAL FROM GARRARD CIRCUIT COURT.

April 14, 1883.

OPINION BY JUDGE PRYOR:

In the case of *Webster v. Bronston,* 5 Bush (Ky.) 521, where the
judgment below was affirmed by a division of the court the dissent-
ing opinion of Justices Robertson and Peters was to the effect that
as the assignment for the benefit of creditors by its express terms
reserved the homestead, those who accepted its provisions and ob-
tained distribution under it must abide by its terms. This view of
the question as presented by the dissenting opinion was recognized
as the correct rule by this court in the case of *Gardner v. Smith,* 10
Bush (Ky.) 245, and the appellee must therefore abide by the ac-
tion of the trustees in allowing to her father the homestead or its
value. They could in fact do nothing else as the conveyance to them
by John Leavell reserved the homestead right. There was no pro-
ceeding in equity to settle the trust, because nearly every creditor
desired a sale of the land without the expense of a litigation, and the
grantor, John Leavell, being willing to accept $1,000 in lieu of his
homestead in order that the land might sell for its full value, and
nine-tenths of the creditors consenting, the trustees thought it was to
the interest of all to sell the land and pay the value of the homestead
to Leavell instead of having it allotted to him out of the land.

The trustees, or one of them, Doty, purchased the land and paid
for it its full value. While as trustee he had no right to speculate in
the trust estate, he was a large creditor and of course had the right
to protect his own interests; but while this right did not authorize
him to buy the land for less than its value, where it appears that the
sale was fair and the rights of creditors protected and nearly all con-
senting to the sale, there is but little reason and no equity in setting

aside the sale for the purpose only of having a resale that can not benefit any of the parties.

As to the claim of the appellee against the sureties of her father on his bond as her guardian, the court below erred in not charging the daughter with the sum paid for the piano given to the daughter and purchased for her. Her father may have supposed at the time that he was in a condition to make such a gift without injury to his creditors, and such may have been the case, but here the daughter is seeking to make the sureties of her father responsible for what he owed her, and is claiming that her father had the right, because he was able to do so, to give to her property at the expense of both the sureties and his creditors. This is not by reason of the statute a rule of law or equity. The gift as to creditors existing at the time is fraudulent. This liability was existing when the gift was made, and if the creditors of the father could subject the piano these sureties in the guardian's bond can make the daughter account. The case of *Lowry v. Fisher,* 2 Bush (Ky.) 70, 92 Am. Dec. 475, settles this question.

This judgment must therefore be *reversed* with directions to charge the appellee with the sum paid for the piano and for any balance remaining due the estate of the surety is liable.

*Durham & Jacobs, G. W. Dunlap, for appellants.*

*Geo. R. McKee, for appellee.*

[Cited, *Howard v. Duke,* 19 Ky. L. 2008, 45 S. W. 69.]